The opinion of the Oourt was delivered by
Gantt, J.
As a legal principle, there can be no doubt but that a prosecutor may prefer a new bill where a grand jury *has returned, “ no bill.” 4 Black. 305, is in point, and I have known no time L *710 when this practice in our Courts has not prevailed. Blackstone says, that where the bill is returned, “not found,” the party is discharged without further answer. But a fresh bill may afterwards be preferred to a subsequent grand jury. There is no inconsistency in those sentences. He may be discharged without further answer; but from what ? The meaning is evident, from the bill which has been thus returned, not from the charge for which he was recognized to appear ; on this, if essential to public justice, a fresh bill may be given out. The proofs may have been defective on the first bill, and this deficiency may be supplied on the preferment of another. It is the verdict of a petty jury alone, which can operate as a discharge of the defendant from the accusation against him. If, on trial, they find the party not guilty, he is then, says Blackstone, forever quit and discharged of the accusation. The implication is clear, that before then he is not so discharged. It is not to be supposed that the solicitor, in the exercise of a discretion with which he is invested, would use it in an arbitrary or oppressive manner, nor would it be consistent with justice, that an offender should be permitted to withdraw himself from an accusation, where, in the opinion of the solictor, his guilt might be made to appear more fully before another grand jury. This being the case, ought the solicitor to be constrained, at the requisition of the defendant, to exhibit the evidence upon which he expects a future bill to be supported ? I think not. By the condition of the recognizance entered into by the defendant, he is not only to appear to answer the specific charge exhibited against him, but is to do and receive what shall be enjoined by the Court, and not to depart without license, and in the meantime to keep the peace of the State, and be of good behavior towards all the citizens thereof, and especially towards the prosecutor. The terms of this recognizance are such as to leave it discretionary with the Court *fífíO'l refuse defendant’s *discharge, though no cause be shown by the solicitor why he intends to prefer a new bill. In 1 Comyns’ Digest, 692, it is said, “if one be taken up for a libel, and enters into recognizance to appear the first day of the term, ad respond. and not to depart, and the attorney general then exhibits an information, and then enters a nolle prosequi on it, and on the last day of the term files another information for the same libel, and another, and on this last information, defendant is convicted, if he does not appear, his recognizance is forfeited.” In the instance given, the conviction may have been occasioned by the evidence given on the other libel, but yet, as the former was conjoined therewith in the information, the recognizance was deemed sufficient to compel the defendant’s appearance.
Sanford, for the motion. Starlce, Solicitor, contra.
I am of opinion that the motion in this case should be overruled, and this is the unanimous opinion of the Court.
Johnson, Richardson and Huger, JJ., concurred.
See ante, 146 ; 1 MoC. 177.